USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CHRISTY,

Plaintiff,

-against-

WARDEN OF RIKERS ISLAND, *et al.*,

Defendants.

1:19-CV-09666 (ALC)

ORDER OF SERVICE

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff is proceeding *pro se*. By order dated October 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. On January 16, 2020, Plaintiff filed an amended complaint naming as a defendant, for the first time, Bernard Chukwuneke, M.D.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Bernard Chukwuneke, M.D., through the U.S. Marshals Service, the Clerk of Court is instructed to issue a summons and fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

In addition, the Court is in receipt of Defendant Glenda Shearn's letter dated January 23, 2020, requesting a time extension to answer or otherwise appear until thirty days after service. *See* ECF No. 23. Defendant Shearn's request is hereby **GRANTED.**

## CONCLUSION

The Clerk of Court is instructed to issue a summons and complete the USM-285 form with the address for Bernard Chukwuneke, M.D. and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

Defendant Shearn's request for a time extension is **GRANTED.**

SO ORDERED.

Dated: January 29, 2020
       New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

3

## DEFENDANT AND SERVICE ADDRESS

Bernard Chukwuneke, M.D.
PAGNY Correctional Health Services
c/o Gwendolyn Renee Tarver
49-04 19th Avenue, 1st Floor
Astoria, NY 11105