UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CHRISTY,

        **Plaintiff,**

 v.

BASTAIN, ET AL.,

        **Defendant.**

------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/26/2020

19-cv-9666 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

  The Court is in receipt of Plaintiff Christy's response to the Order to show cause why this claim should not be dismissed for failure to prosecute. ECF No. 49. In light of Mr. Christy response, the Court hereby VACATES its August 4, 2020 Order to show cause.

  Because Mr. Christy has been granted permission to proceed *in forma pauperis* ("*IFP*"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [*IFP*] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

  Defendants Dr. Nirmal Tejwani and Dr. Mahure, who were named as defendants for the first time in the Amended Complaint, ECF No. 22, have not received service of summons. To allow Plaintiff to effect service on Defendants Dr. Nirmal Tejwani and Dr. Mahure through the U.S. Marshals Service, the Clerk of Court is instructed to issue a summons and fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for these Defendants. The

1

Clerk of Court is further instructed to deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon them.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date a complaint is filed, in light of Mr. Christy proceeding pro se and *IFP*, the Court hereby extends the time of service until 90 days after the date the summonses are issued. If the Amended Complaint is not served within that time, Mr. Christy should request an extension of time for service. *See Meilleur v. Strong,* 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

The Court requested that the New York City Law Department and New York City Department of Correction be notified of its prior service order, ECF No. 8, and that the Warden of Rikers Island waive service of summons. ECF. No. 8. To date, the Warden has not responded or appeared. The Court therefore directs the Clerk of Court to notify the New York City Law Department and New York City Department of Correction of this Order. The Court renews its request that the Warden waive service of summons.

The Court will reschedule the pre-motion conference requested by Defendants Bernard Chukwaneke and Glenda Shearan after the remaining Defendants answer or otherwise respond to the Amended Complaint.

## CONCLUSION

The Clerk of Court is respectfully directed to issues summonses for Dr. Tejwani and Dr. Mahure, complete USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the Amended Complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007.

Defendants are directed to serve this Order on Plaintiff, and file proof of service, by September 2, 2020.

**SO ORDERED.**

**Dated: August 26, 2020**
        **New York, New York**

                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**