UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MICHAEL CHRISTY,  :
:
Plaintiff,  :
: 19 Civ. 9666 (JPC)
-v-  :
: OPINION AND ORDER
:
WARDEN OF RIKERS ISLAND, S. BASTIAN *et al.*,  :
:
Defendants.  :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Michael Christy, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Defendants alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. On December 17, 2021, the Court granted Defendants' motion to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing with prejudice Christy's deliberate indifference claims against Defendants Dr. Nirmal Tejwani, Dr. Nicole Stevens, Dr. Siddharth Mahure, Warden Bastian, and Physician Assistant Glenda Shearn. *See Christy v. Bastian*, No. 19 Civ. 9666 (JPC), 2021 WL 5988247, at *6-8 (S.D.N.Y. Dec. 17, 2021) ("*Christy I*").[1] The Court, however, dismissed without prejudice the deliberate indifference claim against Defendant Dr. Bernard Chukwuneke, and permitted Christy to file a second amended complaint on that claim against Dr. Chukwuneke *only*. *Id.* at *10. The Court permitted amendment because,

---

[1] In *Christy I*, the Court also denied Defendants' motion to dismiss the Amended Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Christy I*, 2021 WL 5988247, at *4-5.

even though the Amended Complaint did not allege that Dr. Chukwuneke acted with the requisite state of mind (*i.e.*, that Dr. Chukwuneke knew of and consciously disregarded the serious risk of causing Christy severe pain and exacerbating any complications stemming from his surgery), the Court could not "exclude the possibility that Christy may be able to plead facts to support a valid claim for deliberate indifference against Dr. Chukwuneke." *Id.* at *9. The Court also permitted Christy to assert in a second amended complaint any state law medical malpractice claims against the medical practitioner Defendants, provided he pleaded timely fulfillment of New York's notice of claim requirement. *Id.* at *10.

Christy filed the Second Amended Complaint on February 3, 2022, Dkt. 105 ("SAC"), and Defendants moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) on March 9, 2022, Dkts. 110-111, 113 ("Motion"). Christy has not opposed Defendants' motion. For the following reasons, Defendants' motion to dismiss is granted.

### I.     Background[2]

The Court assumes familiarity with the facts and procedural history of this case, which are detailed in *Christy I*. At the outset, the Court notes that the Second Amended Complaint generally reiterates Christy's allegations in the Amended Complaint.[3] As relevant here, the Second Amended Complaint alleges that Christy had foot surgery at Bellevue Hospital on May 23, 2019. SAC at 5. Christy contends that after the surgery, his foot "would not settle in any casts as it

---

[2] The following facts, which are assumed true for purposes of this Opinion and Order, are taken from the Second Amended Complaint. *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").

[3] In *Christy I*, the Court advised Christy that "[b]ecause any second amended complaint will completely replace, not supplement, the Amended Complaint, any facts or claims that Christy wishes to maintain must be included in the second amended complaint." 2021 WL 5988247, at *10.

swelled to the [four] casts that were placed on [him]" and despite his complaints of pain, no one at Bellevue believed him as he was labeled a "med-seeker." *Id.* Sometime thereafter, Christy was transferred to Rikers and was "placed in [general] population wrongfully by Dr. Chukwunake [*sic*]." *Id.* According to Christy, he explained to Dr. Chukwuneke "every complication [that he had] post surgery but [Dr. Chukwuneke] stated that he would stick . . . to the original post surgical procedures despite [Christy's] 16 hospital visits for extreme pain and unusual swelling with severe bruising." *Id.* at 5-6. Christy alleges that Dr. Chukwuneke also left Christy's wheelchair outside of intake when he placed Christy in general population and "forced [Christy] to walk on [his] foot where the screws broke in half." *Id.* at 6.

On March 9, 2022, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). Dkt. 110. Christy did not oppose Defendants' motion by the March 30, 2022 deadline set by the Court. Dkts. 108-09. On April 15, 2022, the day after receiving a letter from Christy reporting that he had "been on the streets for weeks," Dkt. 115, the Court extended the deadline for Christy to oppose Defendants' Motion to April 29, 2022. Dkt. 116. However, the Court's April 15, 2022 Order, which was mailed to Christy at his address listed on the docket, was returned as "Not Deliverable As Addressed Unable To Forward, Return To Sender, MOVED." ECF Minute Entry for May 18, 2022. As a result, on May 19, 2022, the Court *sua sponte* extended the deadline for Christy to oppose Defendant's Motion to June 2, 2022 and reminded Christy that "it is his responsibility to keep a current address on file with the Clerk's Office, and failure to do so may result in the dismissal of his action." Dkt. 117. On May 23, 2022, the Court received another letter from Christy, advising of a change of address. Dkt. 118. The Court then directed the Clerk of Court to mail the Court's May 19, 2022 Order to Christy at that

new address.  Dkt. 119.  However, the Court's May 19, 2022 Order also was returned as "Not Deliverable As Addressed Unable To Forward, RTS."  ECF Minute Entry for June 22, 2022.

On August 9, 2022, Defendants filed a letter requesting that their motion to dismiss the Second Amended Complaint be deemed unopposed.  Dkt. 120.  On August 26, 2022, the Court received a letter from Plaintiff providing an updated address.  Dkt. 122.  To date, Christy has not filed an opposition brief.  Accordingly, Defendants' motion to dismiss shall be considered unopposed.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In making this determination, the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), but need not "accept as true legal conclusions couched as factual allegations," *Lafaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

The Court must construe *pro se* submissions "liberally" and interpret them "to raise the strongest arguments that they suggest."  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks omitted).  But a *pro se* complaint still "must state a plausible claim for relief."  *Id.* (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).  "Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Moreover, "even when presented with an unopposed motion to dismiss, the Court may not find for the moving party without reviewing the record and determining whether there is sufficient support for granting the motion." *Nachshen v. 53-55 W. 21st Owner LLC*, No. 19 Civ. 1903 (RA), 2022 WL 704782, at *1 (S.D.N.Y. Mar. 9, 2022) (internal quotation marks omitted); *see also McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) ("[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.").

### III.   Discussion

**A. Deliberate Indifference Claim**

In *Christy I*, the Court permitted Christy to amend his deliberate indifference claim against Dr. Chukwuneke *only*. 2021 WL 5988247, at *10. "The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). To establish an unconstitutional denial of medical care, an inmate must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The "deliberate indifference" standard consists of both objective and subjective components. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Under the objective component, the inmate must allege that he was "actually deprived of adequate medical care" and the alleged deprivation of medical care must be "sufficiently serious." *Salahuddin*, 467 F.3d at 279 (internal quotation marks omitted). Although there is "no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition," *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003), courts in the

5

Second Circuit consider factors such as (1) "whether a reasonable doctor or patient would find the injury important and worthy of treatment," (2) "whether the medical condition significantly affects an individual's daily activities," and (3) "whether the illness or injury inflicts chronic and substantial pain," *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see also Jimenez v. Sommer*, No. 14 Civ. 5166 (NSR), 2017 WL 3268859, at *5 (S.D.N.Y. July 28, 2017) ("Harm is considered 'sufficiently serious' if it could 'produce death, degeneration, or extreme pain,' or 'the failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" (citation omitted)).

Under the subjective component, "the charged official must act with a sufficiently culpable state of mind." *Salahuddin*, 467 F.3d at 280. "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). This means that the prison official must act in a manner by which he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (explaining that to satisfy the subjective prong of the deliberate indifference standard, "the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness'"). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703; *Salahuddin*, 467 F.3d at 279 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."). Furthermore, a "disagreement" over the proper treatment does not establish a constitutional violation as long as "the treatment given is adequate." *Chance*, 143 F.3d at 703.

In *Christy I*, the Court found that the Amended Complaint failed to allege "what, if any, knowledge Dr. Chukwuneke had regarding Christy's medical history and his then existing medical conditions," which "is necessary to determine whether Dr. Chukwuneke acted with the requisite state of mind when he ordered that Christy be placed in general population . . . (*i.e.*, whether Dr. Chukwuneke knew of and consciously disregarded the serious risk of causing Christy severe pain and exacerbating any complications stemming from his surgery)." 2021 WL 5988247, at *9. The Second Amended Complaint does little to cure Christy's pleading deficiencies as to whether Dr. Chukwuneke acted with the requisite state of mind. In the Second Amended Complaint, Christy alleges that Dr. Chukwuneke placed him in general population at Rikers over his objections and despite Christy explaining to Dr. Chukwuneke the unspecified complications that he had post-surgery, which required follow-up visits to the hospital. SAC at 5-6. Christy alleges that the reason Dr. Chukwuneke placed him in general population was because he was following "the original post surgical procedures." *Id.* at 5. These facts are insufficient to plausibly allege the subjective prong of a deliberate indifference claim against Dr. Chukwuneke.

Christy has not alleged that Dr. Chukwuneke knew of and disregarded an excessive risk to Christy's health and safety by placing him in general population at Rikers. *See Farmer*, 511 U.S. at 837. To the contrary, Christy acknowledges that Dr. Chukwuneke was following "original post surgical procedures" in placing him in general population. SAC at 5. The allegation that Dr. Chukwuneke was following previously set post-surgery procedures, or Christy's apparent disagreement with such procedures and preference for different treatment, is insufficient to rise to the level of deliberate indifference in violation of the Eighth Amendment. *See Andrew v. Bellevue Hosp.*, No. 13 Civ. 8531 (KBF), 2016 WL 7009018, at *5 (S.D.N.Y. Nov. 30, 2016) ("While plaintiff may disagree with defendant Dr. Sikder's recommendation not to transfer him to the NIC

7

unit without knowing plaintiff's CPAP machine settings, this kind of disagreement about appropriate treatment or transfer protocol does not constitute deliberate indifference."); *Cooks v. Delpiano*, No. 07 Civ. 765 (LEK/DRH), 2008 WL 4186337, at *4 (N.D.N.Y. Sept. 10, 2008) ("[D]isagreements with techniques and treatment methods and protocols are insufficient to establish deliberate indifference."); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 504-05 (S.D.N.Y. 2002) ("[A] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference. Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred." (citation omitted)).

      Christy also has not alleged that Dr. Chukwuneke acted with the requisite state of mind by leaving his wheelchair outside of intake and forcing him to walk on his foot. *Accord Wandell v. Koenigsmann*, No. 99 Civ. 8652 (WHP), 2000 WL 1036030, at *4 (S.D.N.Y. July 27, 2000) ("Whether an injured prisoner should be provided crutches is a medical judgment as to the appropriate course of treatment, and disagreement with that decision is not actionable under the Eighth Amendment."). Moreover, the Second Amended Complaint is devoid of any additional allegations to support a finding that Dr. Chukwuneke knew of and consciously disregarded the risk that forcing Christy to walk without his wheelchair would cause the screws in his foot to break. For example, the Second Amended Complaint does not allege how soon after the surgery Christy was transferred to Rikers, whether Christy medically required the use of his wheelchair at Rikers, how long Christy was forced to walk without a wheelchair at Rikers, and whether Dr. Chukwuneke had further contact with Christy after he was placed in general population, or was otherwise made aware of the condition of Christy's foot, but declined or delayed treatment.

Because the Court finds that the Second Amended Complaint fails to allege facts sufficient to satisfy the subjective prong of Christy's deliberate indifference claim against Dr. Chukwuneke, the Court dismisses Christy's remaining Eighth Amendment claim.

## B. State Law Medical Malpractice Claim

Defendants also move to dismiss Christy's medical malpractice claim. The Second Amended Complaint, however, makes no reference to a claim for medical malpractice, and even construing Christy's allegations liberally and in the light most favorable to him, Christy does not appear to allege any claims of medical malpractice. Furthermore, in *Christy I*, the Court specifically directed that "[s]hould Christy choose to include state law medical malpractice claims in his second amended complaint against any of the medical practitioner Defendants (*i.e.*, any Defendant aside from Warden Bastian), he must plead timely fulfillment of th[e] notice of claim requirement [under section 50-e of the New York General Municipal Law] as a threshold matter for the Court to consider his claims." 2021 WL 5988247, at *10. The Second Amended Complaint fails to do so.

Notwithstanding, even if the Second Amended Complaint could reasonably be construed as asserting a state law medical malpractice claim, the Court declines to exercise supplemental jurisdiction over any pendant state law claims now that the Court has dismissed Christy's remaining federal claim against Dr. Chukwuneke. A district court "may decline to exercise supplemental jurisdiction over [a pendant state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Second Circuit has observed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kelsey v. City of New York*,

306 F. App'x 700, 703 (2d Cir. 2009) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) (reversing a district court decision to retain supplemental jurisdiction over state law claims after dismissal of the federal claim, citing "the absence of a clearly articulated federal interest"); *Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 147 (E.D.N.Y. 2015) ("In the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendant jurisdiction." (internal quotation marks omitted)).

Here, the balance of factors to be considered—judicial economy, convenience, fairness, and comity—point toward declining to exercise supplemental jurisdiction now that all federal claims have been dismissed. This is especially true in light of the fact that "state courts have particular expertise in medical malpractice claims." *Williams v. City of New York*, No. 16 Civ. 4315 (JGK), 2017 WL 4158903, at *4 (S.D.N.Y. Sept. 14, 2017).

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is granted. Christy's claim against Dr. Chukwuneke under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment is dismissed with prejudice. To the extent Christy alleges any state law medical malpractice claims against Defendants, the Court declines to exercise supplemental jurisdiction over such claims and they are dismissed without prejudice.

The Clerk of Court is respectfully directed to update the address for Plaintiff on the docket:

> Michael Christy
> 85 Lexington Avenue
> Brooklyn, New York 11238

The Clerk of Court is further directed to terminate the motion pending at Docket Number 110, mail a copy of this Opinion and Order to Plaintiff, enter judgment in favor of Defendants, and close this case.

SO ORDERED.

Dated: August 29, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge